WILLIAMS v. MOLTHER et al.

(Circuit Court, N. D. New York. April 27, 1911.)

1. COMMERCE (§ 18*)—NAVIGABLE WATERS OF THE UNITED STATES.

The St. Lawrence river, Lake Ontario, Niagara river, Lake Erie and Detroit river are waters of the United States, and Congress has the constitutional power to regulate commerce thereon.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 18.*]

*For other cases see same topic &'§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PILOTS (§ 5*)—LICENSES—REGULATIONS—VALIDITY.**

A rule of the board of supervising inspectors that no original license as pilot shall be issued to one who has not had 3 years' experience in the deck department of enumerated vessels adopted under Rev. St. U. S. § 4405, (U. S. Comp. St. 1901, p. 3017), authorizing the supervising inspectors to establish regulations to carry out the provisions of the statutes for the regulation of steam vessels, and approved by the Secretary of the Treasury, will be adjudged reasonable and enforceable, in the absence of any evidence that experience in the deck department of one or more of the vessels named is not a necessary qualification for a pilot.

[Ed. Note.—For other cases, see Pilots, Dec. Dig. § 5.*]

**3. PILOTS (§ 5*)—REGULATION—LICENSES.**

The right to a license as a pilot is not an inherent right in the citizen, but Congress may require that pilots in coastwise commerce shall have a license granted by the inspectors of the United States, and may provide that the board of supervising inspectors shall make rules which shall have the force of law when approved by the Secretary of the Treasury.

[Ed. Note.—For other cases, see Pilots, Dec. Dig. § 5.*]

Suit by Frank R. Williams against John Molther and another, local inspectors of steam vessels. Bill dismissed.

Frank R. Williams, in pro. per.
George B. Curtiss, for defendants.

RAY, District Judge. On the 28th day of December, 1908, the complainant, Williams, made written application to the defendants as inspectors for a license to act as pilot, master, etc., on vessels under 100 tons from Ogdensburg to Detroit on the St. Lawrence, Lake Ontario, Niagara river, Lake Erie, and Detroit river. In his application he set forth his qualifications as follows:

"I sailed my own large row and sail boat between Lake Ontario to below Alexandria Bay, 1875; sailed single handed, Steam Yacht 'Muriel,' Racine to Chicago, and about vicinity, 1880; greatest amount of single handling Steam Yacht 'Vixen' on Niagara River, Buffalo Harbor & Canals, 1894, Sometimes alone or with owners Farelady & lady friends, also with owner & friends, Taught Navigation & piloted their first trip over licensed route 2 freshly licensed pilots on above, Sailed Niagara River, Buffalo Harbor & Canals, several seasons on charter yachts as Engineer, 1892-8; Sailed Great Lakes as Engineer; Sailed 1000 Island District 6 seasons as Engineer on charter boats, 1898; One season Lesse & Master of charter Steam Yacht 'Little Mac' from Clayton, 1902; Have State Master & Pilot License for certain lakes and Rivers; Also U. S. Motor boat license 15 tons; Also U. S. Engineers license 14th issue, 1908; Sailed alone Motor Boat length Onondaga Lake, Piloted Motor boat Oswego Canal, Oneida River & Lake. Brought Motor Boat Albany via Cohoes to Syracuse."

This application failed to show that the said applicant for a license, Frank R. Williams, had had three years' experience in the deck department of a steam vessel, motor vessel, sail vessel, or barge consort, and on the trial of this action it is conceded by the complainant, Williams, that at the time he made such application he had not had the three years' experience required by sections 42 and 46 of rule 5 relating to licensed officers of the general rules and regulations prescribed by the board of supervising inspectors of the United States

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made and adopted under section 4442 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3037).

Sections 42 and 46 of rule 5 read as follows:

"42. No original license as second-class pilot shall be issued to any person who has not had three years' experience in the deck department of a steam vessel, motor vessel, sail vessel, or barge consort. The local inspectors shall, before granting a license as second-class pilot, satisfy themselves that the applicant is qualified to steer; provided, that on the Mississippi and tributary rivers one year of such required experience must have been in the pilot house as steersman.

\* \* \* \* \* \* \* \* \* \* \* \* \* · \*

"46. No original license for pilot of any route shall be issued to any person, except for special license for steamers of 10 gross tons and under, who has not served at least three years in the deck department of a steamer, motor vessel, sail vessel, or barge consort, one year of which experience must have been obtained within the three years next preceding the date of application for license, which fact the inspectors may require, when practicable, to be verified by the certificate, in writing, of the licensed master or pilot under whom the applicant has served, such certificate to be filed with the application of the candidate."

The defendants refused to give said Williams an examination for a license or the license for the reason he had not had such experience, and based their action on said sections of rule 5 of the said regulations.

The complainant, Williams, concedes that such regulations had been made, but contends that as matter of law the said regulations required an arbitrary experience, and that such regulations are not authorized by the statute, and are invalid for the reasons that the same, in so far as they require such experience, are not warranted by the statute, and that such a regulation was not within the intent of Congress and hence is not the law, and that such regulation is not a necessary, useful, and appropriate regulation, and that the same is not applicable to such a person as the complainant having the qualifications set forth in his application, and that such regulation is a deprivation of citizen's rights and is unconstitutional.

Section 4405 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3017) "Title 52, Regulation of Steam Vessels. 1. Inspection," provides as follows:

"The supervising inspectors and the supervising inspector general shall assemble as a board once in each year, at the city of Washington, District of Columbia, on the third Wednesday in January, and at such other times as the Secretary of the Treasury shall prescribe, for joint consultation, and shall assign to each of the supervising inspectors the limits of territory within which he shall perform his duties. The board shall establish all necessary regulations required to carry out in the most effective manner the provisions of this title, and such regulations, when approved by the Secretary of the Treasury, shall have the force of law. The supervising inspector for the district embracing the Pacific coast shall not be under obligation to attend the meetings of the board oftener than once in two years; but when he does not attend such meetings he shall make his communications thereto, in the way of a report, in such manner as the board shall prescribe."

It is conceded that the supervising inspectors and the supervising inspector general assembled for consultation, etc., and established, among others, the regulations above quoted. This section of the Revised Statutes provides that such regulations when approved by the

Secretary of the Treasury "shall have the force of law." It is conceded that these regulations to which attention has been called were approved by the Secretary of the Treasury. As seen, title 52 of the Revised Statutes relates to the regulation of steam vessels, and chapter 1 relates to inspection. Chapter 2 of the same title relates to the transportation of passengers and merchandise. Section 4438 (page 3034) provides that the board of local inspectors shall license and classify the masters, chief mates, engineers, and pilots of all steam vessels, and that it shall be unlawful to employ any person or for any person to serve as pilot on any steamer who is not licensed by the inspectors, and section 4442 provides as follows:

"Whenever any person claiming to be a skillful pilot of steam vessels offers himself for a license, the inspectors shall make diligent inquiry as to his character and merits, and if satisfied, from personal examination of the applicant, with the proof that he offers that he possesses the requisite knowledge and skill, and is trustworthy and faithful, they shall grant him a license for the term of one year to pilot any such vessel within the limits prescribed in the license; but such license shall be suspended or revoked upon satisfactory evidence of negligence, unskillfulness, inattention to the duties of his station, or intemperance, or the willful violation of any provision of this title."

I do not see how it can be held that the regulations 42 and 46 are unconstitutional or unnecessary or inappropriate. Nor do I see how it can be held that the regulations operate to deprive a citizen of his rights.

[1] The waters mentioned by the complainant in his application for a license are waters of the United States which are common highways of commerce, and I do not think it can be denied that the Congress of the United States has the constitutional power to regulate commerce on such waters.

[2] The complainant does not deny that Congress may enact a law requiring the pilots to be licensed before acting as such. He concedes this power by applying for a license. What he does deny is that a duly constituted board of officers may fix an arbitrary term of service in a particular line of duty as a qualification. The board of supervising inspectors has determined that to carry out the provisions of title 52— that is, the regulation of steam vessels navigating the waters of the United States, which are common highways of commerce—in the most effective manner, and in licensing pilots of steam vessels on such waters, it is necessary that the pilots licensed have certain qualifications. Among the qualifications required are requisite knowledge and skill, trustworthiness, and faithfulness. Section 4442 says that the inspectors shall inquire as to the character and merits of the applicant, and that they are to be satisfied that he possesses the requisite knowledge and skill. Under the provisions of section 4405 the board of supervising inspectors has said that "requisite knowledge and skill" includes experience in the deck department of a steam vessel, motor vessel, sail vessel, or barge consort. That board has also said that in its judgment three years' experience is necessary to give the requisite knowledge and skill to a pilot on the waters in question. Can it be doubted that Congress itself might have determined by law that no license should be granted a pilot on a steam vessel navigating the waters of

the United States unless he had had three years' experience in the deck department of a steam vessel, motor vessel, sail vessel, or barge consort? The power and duty of determining what experience and qualifications a pilot shall have has been conferred upon these inspectors. May they say that an applicant for a pilot's license must have had three weeks' or three months' experience in the deck department of the vessels named? If so, why may they not say three years' experience is essential? Is a court better able to determine the qualifications of a pilot than these inspectors?

It is not one of the constitutional rights of the citizen to have a license granted him to act as pilot, master, and mate correspondingly of a steam vessel, or in either capacity on the navigable waters of the United States, unless he possesses the requisite knowledge and skill. The position of pilot is one of great power and responsibility. The licensed pilot has many lives and large property interests in his hands, and I see nothing unreasonable in fixing a standard of qualifications up to which the applicant must measure as a condition of receiving a license. It would have been the duty of the inspectors to grant an examination to the applicant, Williams, had it not appeared as he now admits that he does not possess the knowledge and skill required by the board of supervising inspectors. The rules and regulations adopted say that the pilot, before being licensed, must have the knowledge and skill gained by three years' experience in the deck department of a steam vessel, motor vessel, sail vessel or barge consort. This applies to first-class pilots, second-class and special pilots. · Sections 41 and 42, rule 5.

Who is to determine the knowledge and skill required of a pilot if not the inspectors, and how are they to determine whether or not he possesses it if they have no standard? Under our civil service laws we have standards up to which the applicant for public position must measure. In our school affairs we have standards of acquirement and experience in teaching up to which the candidate must measure before being licensed to teach in certain positions. The granting of licenses to practice law have been made conditional on two or three years' actual experience in the law office of a practicing attorney. Congress itself has not prescribed the qualifications of a pilot, but has committed the power and duty of prescribing such qualifications and determining whether or not an applicant for a license possesses them to the inspectors.

In Olsen v. Smith, 195 U. S. 332, 344, 25 Sup. Ct. 52, 55 (49 L. Ed. 224), the Supreme Court of the United States said:

"It remains only to consider the contention based upon the fourteenth amendment and the anti-trust laws of Congress. The argument is that the right of a person who is competent to perform pilotage services to render them is an inherent right guaranteed by the fourteenth amendment, and that therefore all state regulations providing for the appointment of pilots and restricting the right to pilot to those duly appointed are repugnant to the fourteenth amendment. But this proposition in its essence simply denies that pilotage is subject to governmental control, and therefore is foreclosed by the adjudications to which we have previously referred. The contention that because the commissioned pilots have a monopoly of the business, and by combination among themselves exclude all others from

rendering pilotage services, is also but a denial of the authority of the state to regulate, since if the state has the power to regulate, and in so doing to appoint and commission, those who are to perform pilotage services, it must follow that no monopoly or combination in a legal sense can arise from the fact that the duly authorized agents of the state are alone allowed to perform the duties devolving upon them by law. When the propositions just referred to are considered in their ultimate aspect they amount simply to the contention, not that the Texas laws are void for want of power, but that they are unwise. If an analysis of those laws justified such conclusion—which we do not at all imply is the case—the remedy is in Congress, in whom the ultimate authority on the subject is vested, and cannot be judicially afforded by denying the power of the state to exercise its authority over a subject concerning which it has plenary power until Congress has seen fit to act in the premises."

[3] This, of course, settles the proposition that the right to a license as pilot is not an inherent right in the citizen. Here Congress has acted and has required that pilots in the coastwise commerce of the United States shall have a license granted by the inspectors of the United States, and has also provided that the board of supervising inspectors are to make rules and regulations which shall have the force of law when approved by the Secretary of the Treasury. The rules and regulations referred to have been established, and so far as complained of relate to the qualifications of pilots. It appears from the application of the complainant that he has an engineer's license, and has had some experience as an engineer and some experience in running a yacht and motor boat, etc. I do not think a court should or can in the face of this congressional action say that the regulations referred to are unwarranted by the statute. No amount of experience as engineer on a steam vessel navigating the Great Lakes and River St. Lawrence would qualify a man to act as pilot on those waters. No amount of experience in running a rowboat or vessel of light draught or small sail vessels on the river and lakes mentioned would qualify a person to act as pilot on one of the larger steam vessels navigating those waters.

In Atlee v. Packet Company, 21 Wall. 389, 22 L. Ed. 619, it was said:

"(5) A constant and familiar acquaintance with the towns, banks, trees, etc., and the relation of the channel to them, and of the snags, sand bars, sunken barges, and other dangers of the river as they may arise, is essential to the character of a pilot on the navigable rivers of the interior; this class of pilots being selected, examined, and licensed for their knowledge of the topography of the streams on which they are employed and not like ocean pilots, chiefly for their knowledge of navigation and of charts, and for their capacity to understand and follow the compass, take reckonings, make observations, etc.

"(6) Hence a pilot, who, though engaged for many years in navigating a part of the Mississippi, had not made a trip over that part for fifteen months previously to one which he was now making, and from ignorance of its existence ran his vessel against a pier which had been built in the river since he had last gone up or down it, was held to be in fault for want of knowledge of the pier. He was also held in fault for hugging, in a dark night, the shore near where he knew the mill and boom of a riparian owner were, and against a pier connected with which he struck, when the current of the river would have carried him into safe and deep water further out."

189 F.—45

It is well known that navigation of the St. Lawrence river and the Great Lakes is difficult and dangerous. The pilot in these waters, especially, as in all coastwise navigation, should possess a thorough familiarity with headlands, points, lights, rocks, channels, towns, depth· of water, etc., and the regulations adopted require actual service for three years in the deck department where a practical knowledge of these things may be acquired before a license as pilot will be granted. I think the regulation and requirement not only wise, but necessary and reasonable, as well as lawful. It would be an arbitrary rule or regulation to say that no license as pilot shall be granted to a deaf or dumb or blind person, but who shall say that because arbitrary the supervising board of inspectors has no power to adopt it? So a regulation stating that no person shall be licensed as a pilot until he has reached the age of 21 years, or 25 years, would be arbitrary, but will a court intervene and say that such a regulation is unlawful and beyond the power of the board of inspectors to make and enforce? So long as experience in the deck department gives knowledge and skill, and so long as pilots are required to possess knowledge and skill, it seems to me that in determining whether or not an applicant for a pilot's license possesses the requisite knowledge and skill, the board of inspectors has the right to say that three years' experience in the deck department is necessary, and that no court has the right to say the requirement is unreasonable or unnecessary. I do not think the inspectors are bound to actually examine all comers. They have the right to prescribe preliminary experience and qualifications so long as they act reasonably and fairly. If, before a general examination is had, the applicant admits that he has not had the necessary experience, such general examination is unnecessary, as the required knowledge and skill is wanting. I think the application itself is to be considered as a part of the examination.

No evidence has been offered in this case showing or tending to show that experience in the deck department of one or more of the vessels named in the rules mentioned and complained of is not a necessary qualification for a pilot.

There will be appropriate findings and a decree dismissing the bill of complaint, but without costs.