WILLIAMS v. MOLTHER et al.

(Circuit Court of Appeals, Second Circuit. July 1, 1910.)

No. 332.

COURTS (§ 424*)—FEDERAL COURTS—JURISDICTION—NAVIGATION INSPECTORS—
EXAMINATION FOR PILOT'S LICENSE.

The federal District Court has no jurisdiction of an application to compel local inspectors of steam vessels to examine an applicant for a pilot's license, as authorized by Rev. St. § 4442 (U. S. Comp. St. 1901, p. 3037), without having complied with rule 5, § 46, of the board of supervising inspectors, making it a condition precedent to the applicant's right to examination that he shall have served a three years' apprenticeship in the deck department of a steamer, sailing vessel, or barge consort.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 424.*]

Appeal from the District Court of the United States for the Northern District of New York.

Petition by Frank R. Williams against John Molther and another, as local inspectors of steam vessels, to compel defendants to examine him as an applicant for a pilot's license. From an order denying the application, petitioner appeals. Affirmed.

Frank R. Williams, pro se.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The petitioner applied in his own proper person and in the most informal manner to the District Court of the United States for the Northern District of New York for an order directing the United States local inspectors of steam vessels for the district of Oswego, N. Y., to examine him as an applicant for a license to act as pilot, master, or mate on steam vessels under 100 gross tons from Ogdensburg to Detroit, on the St. Lawrence river, Lake Ontario, Niagara river, Lake Erie, and Detroit river, in accordance with section 4442, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3037), which reads as follows:

"Sec. 4442. Whenever any person claiming to be a skillful pilot of steam vessels offers himself for a license, the inspectors shall make diligent inquiry as to his character and merits, and if satisfied from personal examination of the applicant, with the proof that he offers that he possesses the requisite knowledge and skill, and is trustworthy and faithful, they shall grant him a license for the term of one year to pilot any such vessel within the limits prescribed in the license; but such license shall be suspended or revoked upon satisfactory evidence of negligence, unskillfulness, inattention to the duties of his station, or intemperance, or the wilful violation of any provision of this title."

The inspectors refused to examine the petitioner, because his application did not show that he had the experience in the deck department of vessels required by rule 5, § 46, of the board of supervising inspectors, which provides:

"46. No original license for pilot of any route shall be issued to any person, except for special license for steamers of 10 gross tons and under, who has

not served at least three years in the deck department of a steamer, sail vessel, or barge consort, one year of which experience must have been obtained within the three years next preceding the date of application for license, which fact the inspectors may require, when practicable, to be verified by the certificate, in writing, of the licensed master or pilot under whom the applicant has served, such certificate to be filed with the application of the candidate."

Section 24 of the same rule contains a similar provision as to engineers. The question sought to be raised is whether the inspectors' rule has the force of law under section 4405, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3017), the material portion of which is as follows:

"Sec. 4405. The supervising inspectors and the supervising inspector general shall assemble as a board once in each year, at the city of Washington, District of Columbia, on the third Wednesday in January, and at such other times as the Secretary of the Treasury shall prescribe, for joint consultation, and shall assign to each of the supervising inspectors the limits of territory within which he shall perform his duties. The board shall establish all necessary regulations required to carry out in the most effective manner the provisions of this title, and such regulation when approved by the Secretary of the Treasury, shall have the force of law. * * *"

The petitioner insists that the rule in question is not required to "carry out in the most effective manner the provisions of this title," in that it restricts applicants, not in respect to their competency, which section 4442 was designed to insure, but to a smaller class of persons having had a particular kind of experience for a fixed length of time. Such or similar restrictions might easily be used to create a dangerous monopoly of the business of pilots and marine engineers. The question is therefore not deserving of serious consideration, but we are quite clear that the District Court of the United States has no jurisdiction in the premises. We do not feel called upon to express any opinion as to whether the Circuit Court in an equity proceeding could pass upon the petitioner's claim as a right founded on a federal statute, or whether the only remedy, if one is needed, is by application to Congress.

Order affirmed, without costs.