### WILLIAMS v. POTTER et al.

(District Court, N. D. New York. November 18, 1913.)

1. PILOTS (§ 5*)—LICENSES—DECISION OF BOARD OF INSPECTORS—REVIEW BY COURTS.

Under Rev. St. § 4442 (U. S. Comp. St. 1901, p. 3037), which provides for the granting of a license as pilot of steam vessels by the board of local inspectors if on personal examination they shall be satisfied that the applicant possesses the requisite knowledge and skill and is trustworthy and faithful, the decision of the inspectors as to an applicant's qualifications is final and not reviewable by the courts unless it appears that they acted arbitrarily or with malice in denying a license.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 5, 6; Dec. Dig. § 5.*]

2. PILOTS (§ 5*)—LICENSES—EXAMINATIONS—VALIDITY OF REGULATIONS.

Rule 5, subd. 7, of the regulations adopted by the board of supervising inspectors of steam vessels, under authority conferred by Rev. St. § 4405 (U. S. Comp. St. 1901, p. 3017), which requires an applicant to whom a pilot's license has been denied after examination by a board of local inspectors to wait a year before being entitled to another examination, is not in conflict with Rev. St. § 4442 (U. S. Comp. St. 1901, p. 3037), providing that "whenever" any person shall apply for a license the inspectors shall determine his fitness by a personal examination, etc., but is a reasonable, necessary, and valid regulation.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 5, 6; Dec. Dig. § 5.*]

3. WORDS AND PHRASES—"WHENEVER."

"Whenever," strictly construed, means at whatever time; at what time soever.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7441, 7442, 7835.]

In Equity. Suit by Frank R. Williams against Charles Potter and Robert Chestnut, Oswego, N. Y., local inspectors of steam vessels;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John Molther, Oswego, N. Y., ex local inspector; Frederic Pope and William Nolan, Buffalo, N. Y., local inspectors of steam vessels; Niles Nelson, Cleveland, Ohio, supervising inspector of steam vessels; James Stone, Cleveland, Ohio, ex supervising inspector of steam vessels; and George Uhler, Washington, D. C., Supervising Inspector General of steam vessels. Decree for defendants.

Suit in equity for a judgment decreeing that the plaintiff, Frank R. Williams, is entitled to a license as a second-class pilot on steam vessels between Ogdensburg, N. Y., and Detroit, Mich., and for damages for the refusal of the inspectors to issue to the plaintiff a license upon the examination given him. Also, for a decree or judgment declaring that rule 5 of sections 42 and 46 of the rules and regulations of the department having control of the granting of licenses to pilots is invalid. Also, restraining defendants from acting under such rule in other cases.

Frank R. Williams, of Syracuse, N. Y., in pro. per.

George B. Curtiss, U. S. Atty., of Binghamton, N. Y., for defendants except Stone and Uhler.

RAY, District Judge. On or about the 21st day of December, 1908, the plaintiff, Frank R. Williams, made a written application to Robert Chestnut and John R. Molther, constituting the board of local inspectors of steam vessels at Oswego, N. Y., for an examination for a license as pilot, master, and mate correspondingly, on steam vessels under 100 tons, running from Ogdensburg to Detroit on the St. Lawrence river, Lake Ontario, Niagara river, Lake Erie, and the Detroit river. This application for examination on its face showed that the applicant had not had three years' experience in the deck department of a steam vessel, motor vessel, sail vessel, or barge consort, as required by sections 42 and 46 of rule 5 of the board of supervising inspectors approved by the department, and which rule was adopted under and pursuant to section 4405, United States Revised Statutes. That section reads as follows:

"Sec. 4405. (Meetings of board; assignment of districts.) The supervising inspectors and the Supervising Inspector General shall assemble as a board once in each year, at the city of Washington, District of Columbia, on the third Wednesday in January, and at such other times as the Secretary of the Treasury shall prescribe, for joint consultation, and shall assign to each of the supervising inspectors the limits of territory within which he shall perform his duties. The board shall establish all necessary regulations required to carry out in the most effective manner the provisions of this title, and such regulations, when approved by the Secretary of the Treasury, shall have the force of law. The supervising inspector for the district embracing the Pacific Coast shall not be under obligation to attend the meetings of the board oftener than once in two years; but when he does not attend such meetings he shall make his communications thereto, in the way of a report, in such manner as the board shall prescribe." U. S. Comp. St. 1901, p. 3017.

Sections 42 and 46 of rule 5 provide as follows:

"42. No original license as second-class pilot shall be issued to any person who has not had three years' experience in the deck department of a steam vessel, motor vessel, sail vessel, or barge consort. The local inspectors shall, before granting a license as second-class pilot, satisfy themselves that the ap-

plicant is qualified to steer; provided, that on the Mississippi and territory rivers one year of such required experience must have been in the pilot house as steersman."

"46. No original license for pilot of any route shall be issued to any person, except for special license for steamers of 10 gross tons and under, who has not served at least three years in the deck department of a steamer, motor vessel, sail vessel, or barge consort, one year of which experience must have been obtained within the three years next preceding the date of application for license, which fact the inspectors may require, when practicable, to be certified by the certificate, in writing, of the licensed master or pilot under whom the applicant has served, such certificate to be filed with the application of the candidate."

Section 4442 of the Revised Statutes of the United States reads as follows:

"Sec. 4442. (License of pilot.) Whenever any person claiming to be a skill-ful pilot of steam vessels offers himself for a license, the inspectors shall make diligent inquiry as to his character and merits, and if satisfied, from personal examination, of the applicant, with the proof that he possesses the requisite knowledge and skill, and is trustworthy and faithful, they shall grant him a license for the term of one year to pilot any such vessel within the limits prescribed in the license; but such license shall be suspended or revoked upon satisfactory evidence of negligence, unskillfulness, inattention to the duties of his station, or intemperance, or the willful violation of any provision of this title." U. S. Comp. St. 1901, p. 3037.

Another rule or regulation, viz., regulation 7, provides that:

"Any applicant for license who has been duly examined and refused may come before any local board for examination after one year has expired"— meaning after one year has expired from the date of the first examination.

Acting under and in pursuance of sections 42 and 46 of rule 5, Chestnut and Molther refused to give Williams an examination as it appeared on his own statement in writing that he had not had the requisite experience. Thereupon the plaintiff, Williams, brought suit in the United States Circuit Court for the Northern District of New York for a decree compelling such inspectors to give him an examination. The case was heard on the agreed state of facts, and the single question was presented of the validity of that regulation. The Circuit Court held that the regulation was reasonable and proper and that, as it was predetermined by the duly adopted rules and regulations of the department that a pilot's license should not issue to a person who had not had the requisite experience, an examination was not necessary to determine that fact when it appeared by the application itself that the applicant had not had the necessary experience. The opinion of the Circuit Court is found in 189 Fed. 700.

On appeal to the Circuit Court of Appeals the decision of the lower court was reversed (Williams v. Molther et al., 198 Fed. 460, 117 C. C. A. 220), and the court held:

"While no citizen has the inherent right to a pilot's license, every citizen has a right to be examined for it. The local inspectors are to determine the applicant's qualifications. They may hold in any case that he has not had sufficient deck experience. That, however, is quite different from refusing him an examination for this reason."

The court thereupon held that sections 42 and 46 of rule 5 were invalid inasmuch as they denied an examination, although it appeared from the application itself that the applicant had not had the neces-

sary or sufficient deck experience. The court expressly held that the board of local inspectors might hold in any case that the applicant had not had sufficient deck experience, but in effect held that an arbitrary rule that three years' experience was necessary was illegal and improper and that an examination must be held in every case to ascertain whether or not the applicant had had sufficient deck experience. The court in that case held that sections 42 and 46 of rule 5 were invalid, and the court below was directed to enter a decree declaring sections 42 and 46 invalid and directing the defendants to examine the complainant Williams.

The lower court entered a decree accordingly, and hence as between Williams and the defendants here John Molther and Robert Chestnut the sections of rule 5 referred to must be deemed and held to be invalid. It has been so adjudicated. As to the defendants Charles Potter, Frederic Pope, William Nolan, and Niles Nelson, they have not attempted to enforce against this plaintiff the provisions of sections 42 and 46 of rule 5, and until they do there is no occasion or justification for entering a decree or judgment restraining or prohibiting them from recognizing the validity of such sections and enforcing them in other cases. The decision of the Circuit Court of Appeals is not res adjudicata as to them, and if occasion arises they will be at liberty to assert the validity of rule 5 and have the question submitted for adjudication. That question is not involved here, as we shall see.

In obedience to the decree of the Circuit Court entered in pursuance of the decision of the Circuit Court of Appeals on the 29th day of April, 1912, the plaintiff, Frank R. Williams, appeared before the then local inspectors Charles R. Potter, successor to Molther, and Robert Chestnut, and applied for an examination pursuant to and by virtue of the said decree. On the 30th day of April, 1912, Williams was notified by said board of inspectors to appear for examination on May 2, 1912, at which time he did appear and was given an examination on the written application made as above stated. This examination was continued for two days and was conducted by propounding to the applicant, Williams, both written and oral questions. The written questions were answered by Williams in his own handwriting. Upon the conclusion of that examination, and after due consideration, said board of inspectors adjudged and determined that the applicant, Williams, was not competent or a proper person to have granted to him the license applied for, and thereupon such application was denied. From that decision Williams appealed to Niles B. Nelson, the supervising inspector of steam vessels at Cleveland, Ohio, who examined the record of such examination before Potter and Chestnut and approved their decision. Williams asserted and claimed that he had not received fair treatment before Potter and Chestnut, and thereupon Nelson gave Williams another examination conducted by himself at Cleveland, Ohio. This examination commenced on the 10th day of July, 1912, and was concluded on the 13th day of July, 1912, and was both written and oral. On the conclusion of that examination and after due deliberation, Nelson determined that Williams did not possess the experience and qualifications which fitted him for the duties of a pilot, and he

was denied a license accordingly. These written examinations, questions, and answers are in evidence and have been examined by the court with all criticisms made thereon and in reference thereto and in connection with the evidence of Williams himself given on the trial of this action.

In October, 1912, Mr. Williams applied to the local board of inspectors at Buffalo, composed of Frederic L. R. Pope and William B. Nolan, for an examination for a first-class pilot's license. That board had been notified of and was advised of the examinations given Williams in July, and of the result, and under regulation 7, above referred to, and which provides that "any applicant for license who has been duly examined and refused may come before any local board for examination after one year has expired," refused an examination. This refusal was based solely upon the fact that 12 months had not expired since the examination of Williams in Oswego and Cleveland and the refusal of a license.

The plaintiff, Frank R. Williams, alleges in his complaint, in substance, that the inspectors Potter and Chestnut and Nelson, in determining upon the examinations held that the plaintiff was incompetent and not a qualified person to have granted to him a pilot's license, and, in refusing to grant to him the license asked for, acted arbitrarily and refused such application knowing and believing that the plaintiff had shown his competency and that he was entitled to a license. The plaintiff also alleges and claims that the regulation referred to and which denies to him the right to a second examination before the expiration of 12 months is an invalid regulation and provision. The plaintiff also alleges and claims that these inspectors were acting in combination and conspiring together to arbitrarily prevent him from obtaining a pilot's license and also to injure the plaintiff and deprive him of his rights as a citizen in this regard.

[1] I fail to find evidence in this case of any combination or conspiracy between Chestnut and Potter, or between Chestnut and Molther, or between Potter and Chestnut, inspectors at Oswego, and Pope and Nolan, inspectors at Buffalo, or these persons or any of them and Nolan at Cleveland, or between any of these persons, to arbitrarily or improperly deny a pilot's license to the plaintiff or to injure the plaintiff or deprive him of any right as a citizen. After the examination given by Potter and Chestnut, their decision was approved and affirmed on appeal, and then, to obviate all cause of complaint, the inspector at Cleveland, Niles B. Nelson, extended the unusual courtesy of an examination before himself, which extended over a period of three days and covered the whole subject. The written questions and the written answers appear in the record, and upon the margin of these examinations is written some of the comments and reasons for refusing a license given by the inspectors. This court is of the opinion that these examinations were fair and that the conclusions reached by the respective inspectors were justified and not an arbitrary denial of any right or an arbitrary holding that Williams was not a competent and proper person to receive a pilot's license. I fail to find evidence that the decision was affected in any way by malice, prejudice, or ill will.

If Mr. Williams had answered all the written questions or substantially all of them fully, clearly, and correctly, this court would unhesitatingly hold that the license should have issued; but such is not this case. There were many failures, and this court has no right to substitute itself for the board of inspectors and pass upon the competency of Williams and the propriety of granting him a pilot's license when in point of fact a fair question of fact was presented for the decision of the inspectors. This court cannot say that the decision was contrary to the evidence. Section 4442 of the Revised Statutes (U. S.) provides:

"Whenever any person claiming to be a skillful pilot of steam vessels offers himself for a license, the inspectors shall make diligent inquiry as to his character and merits, and if satisfied, from personal examination of the applicant, with the proof that he possesses the requisite knowledge and skill, and is trustworthy and faithful, they shall grant him a license for the term of one year to pilot any such vessel within the limits prescribed in the license."

The board of local inspectors is to determine the applicant's qualifications, and that board is to determine, as it did in this case, whether the applicant has sufficient knowledge of signals, of shoals and obstructions to navigation, of the location of buoys and lights and ranges and aids to navigation. All this, with many other things, is to be determined by the board of inspectors, and it must be that the decision of the inspectors is final so far as the courts are concerned, unless it appears that such inspectors acted arbitrarily or with malice in denying a license when on the examination one should have been granted. If on the evidence adduced before the inspectors and the examination a question of fact as to fitness is presented, it seems to me that their finding cannot be disturbed. If Mr. Williams had answered all questions correctly, thus showing himself to be competent, and the inspectors had then refused a license, it not appearing that he was untrustworthy or of improper character, such act of refusal would have been arbitrary, and such decision would not have been a judicial finding and decision, and same could be set aside by the court. The inspectors were acting within their powers, and so far as appears were acting fairly and discharging the duties confided to them and exercising the powers conferred upon them by law. In the absence of evidence to the contrary, this court is bound to assume that these inspectors were competent and that they performed their duty honestly and faithfully. This is the presumption. In granting pilot's licenses these inspectors perform an important duty and they are called upon to exercise the highest degree of intelligence. They have no discretion when satisfied that an applicant for a license is incompetent to grant him a license.

[2] Here the local board acted, and then the supervising inspector of the district reviewed that action, and finally to settle all question gave a full and complete examination of his own. It seems to me that this plaintiff was fairly treated. The supervising inspector certainly had no prejudice and exercised apparently and so far as this court can see his honest judgment in the premises. Mr. Williams is no longer young, and it was demonstrated that his memory is many times

at fault, and that his experience has been limited mainly to the operation of small motor boats and canal boats, and that he was not thoroughly familiar with pilot's rules as to lights carried and how placed on steam vessels when under way. He is not thoroughly familiar with the signals used between pilots and engineers for working the engines, and he was not thoroughly familiar with fog signals when used by sailing vessels, and he lacked knowledge of courses, distances, shoals, buoys, ranges, etc. Mr. Williams knows much on these subjects, but it was for the inspectors to determine whether or not his lack of knowledge on these subjects rendered him an unfit person to possess a pilot's license such as he applied for. This brings us to the question whether or not Pope and Nolan, constituting the board of local inspectors at Buffalo, were justified in refusing the plaintiff an examination for a pilot's license in October, 1912.

The regulation referred to, subdivision 7 of rule 5 of the general rules and regulations, makes it necessary for an applicant for a pilot's license to wait one year after having been examined for such a license before applying again. It is true that section 4442 of the Revised Statutes provides that:

"Whenever any person claiming to be a skillful pilot of steam vessels offers himself for a license, the inspectors shall make diligent inquiry as to his character and merits," etc.

If this means and is to be construed as meaning that every person claiming to be a skillful pilot of steam vessels may offer himself for examination as often as he pleases and that the board of inspectors is bound to give him an examination, then such person may present himself for examination every week and keep the board in constant session. This would be a most unreasonable construction of this statute. The rule or regulation adopted gives to such an applicant one year for study and preparation after having been examined and rejected. I see nothing unreasonable in the provision. Here in July Mr. Williams was thoroughly examined and rejected. In October, he presented himself again before the board at Buffalo. His prior examination had been before first the local board at Oswego, and second before the supervising inspector at Cleveland. Mr. Williams had been examined within the year, not once but twice, not by one board but by two. I do not think these boards of inspectors are to be annoyed by repeated and it might be incessant examinations of the same person. The statute referred to should have a reasonable and not an absurd interpretation. By the provisions of section 4442 Revised Statutes, the applicant for a pilot's license is to have the requisite knowledge and skill to enable him to perform the duties of a pilot, and it seems to me that the supervising inspectors by proper rules and regulations have the right to provide that an applicant for a license before one local board, if rejected there, must wait at least a year before being examined by another local board for a pilot's license. Section 4403 of the Revised Statutes requires the supervising inspector general to "produce a correct and uniform administration of the inspection laws, rules and regulations." U. S. Comp. St. 1901, p. 3017. The supervising inspectors with the Supervising Inspector General

constitute the board of supervising inspectors, and the board is expressly empowered to establish "all necessary regulations required to carry out in the most effective manner" the provisions of the law relating to inspections and the granting of licenses. Is the court to say that a regulation requiring that a person who has had two examinations and been refused a license must wait a year before being again examined is not calculated to carry out in the most effective manner the provision requiring that pilots must be trustworthy and persons possessed of the requisite knowledge and skill? It seems to me that this regulation is consistent with the statute and a means appropriate and plainly adapted to the successful administration of the affairs of the executive department concerned. Assume that every person applying for a license as pilot on the Great Lakes and navigable rivers connected therewith is entitled to an examination even should it affirmatively appear from the application that the applicant had never seen one of the lakes or rivers on which he seeks to act as pilot on such a boat or steamer or vessel as is used in navigating those waters, still this has nothing to do with the regulation of times and places when and where examinations are to be held or the frequency of such examination.

[3] "Whenever" strictly construed means "at whatever time; at what time soever." Construe the statute in this strict sense, and the applicant would be entitled to repeated examinations night or day so often as he should apply. There would be no discretion whatever residing in the board of inspectors. It is obvious that a reasonable construction should be given this statute, and, if the applicant for a pilot's license is given a fair examination once each year, it seems to me the intent and spirit of the sections is fully complied with.

The power of Congress to delegate the right to make and enforce rules and regulations is quite fully discussed in United States v. Grimaud, 220 U. S. 506, 517–521, 31 Sup. Ct. 480, 55 L. Ed. 563, and in other cases there referred to. The power to make rules and regulations cannot be denied and, it seems to me, the whole question is: Was this rule 7, referred to, a reasonable one? I think the regulation not only reasonable but necessary in order to carry out in an effective manner the provisions of law in regard to inspections and the granting of pilot's licenses.

This court is not prepared to hold that the applicant for a pilot's license on being examined and rejected is entitled to a new examination as often and whenever he sees fit to apply to the same or to another board in the same jurisdiction.

There will be a decree dismissing the bill of complaint, but without costs.