### WILLIAMS v. POTTER et al.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

#### No. 180.

1. PILOTS ⚖⊃5—LICENSES—REVIEW OF ACTION OF INSPECTORS.

The courts are without jurisdiction, on appeal or writ of error, to review the findings of the steamboat inspectors on an application for a pilot license, and the most they can do is to see that the inspectors act within their jurisdiction, and that the constitutional and statutory rights of citizens are not impaired.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 5, 6; Dec. Dig. ⚖⊃5.]

2. PILOTS ⚖⊃5—RULES OF BOARD OF SUPERVISING INSPECTORS—VALIDITY.

Rule 7, § 46, of the Rules of the Board of Supervising Inspectors, providing that an applicant for pilot license whose application has been refused shall not be re-examined within a year after the first examination, is not in violation of any statutory provision, and is reasonable and valid.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 5, 6; Dec. Dig. ⚖⊃5.]

Appeal from the District Court of the United States for the Northern District of New York.

For opinion below, see 210 Fed. 318.

F. R. Williams, of Syracuse, N. Y., pro se.

John H. Gleason, of Albany, N. Y., and H. V. Borst, Asst. U. S. Atty., of Amsterdam, N. Y., for appellees.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This is the last step in a long contest between the complainant and the United States inspectors of steam vessels. He originally applied to the inspectors of the district of Oswego, New York, for a pilot's license, who refused to examine him on the ground that he had not had three years' experience on deck, as required by rule 5, § 46, of the Rules of the Board of Supervising Inspectors. This decision was, on appeal, affirmed by the supervising inspector at Cleveland, and subsequently by the supervising inspector general at Washington. Thereupon the complainant

applied to the District Court of the United States for the Northern District of New York for an order compelling the inspectors to give him the examination which was denied. On appeal we affirmed this order, on the ground that the District Court had no jurisdiction in the premises. Williams v. Molther, 180 Fed. 709, 103 C. C. A. 491. Thereupon he filed a bill in the United States Circuit Court for the Northern District of New York, praying that the rule in' question be declared invalid, the inspectors enjoined from enforcing it and from refusing to give him an examination, which dismissed the bill. 189 Fed. 700. We reversed the decree on the ground that the provision of the rule in question was in contradiction of section 4442, U. S. Rev. Stat. (Comp. St. 1913, § 8204), and therefore was not authorized under section 4405 (Comp. St. 1913, § 8159). Williams v. Molther, 198 Fed. 460, 117 C. C. A. 220. In accordance with this decree the local inspectors of the Oswego district did give the complainant an examination, and rejected his application which, on appeal to the supervising inspector at Cleveland, was affirmed. The latter, however, because the complainant said that he was excited when examined by the local inspectors, gave him an independent examination, with the same result. Thereupon the complainant applied to the inspectors for the Oswego district for a re-examination, who refused it on the ground that a year had not elapsed from his last examination, as required by rule 7, § 46, adopted by the board of supervising inspectors. Thereupon the complainant filed this bill, charging that the defendants had maliciously conspired to refuse him a license, notwithstanding his competency, and asking that he be declared qualified and a license be issued to him, that the whole body of rules adopted by the board of supervising inspectors be declared invalid, especially rule 5, § 46, and that treble damages be awarded to him.

[1, 2] The courts have no authority to review the findings of the steamboat inspectors by appeal or writ of error. The most they can do is to see that the inspectors act within their jurisdiction, and that the constitutional and statutory rights of citizens are not impaired. Judge Ray very properly held that the courts cannot substitute their judgment for that of the inspectors; that there was no evidence whatever of any conspiracy against the complainant; that rule 7 was entirely consistent with the provisions of title 52, U. S. Rev. Stat., and therefore within the powers of the board of supervising inspectors to adopt under section 4405.

The decree is affirmed.