JOYCE v. BULGER, Supervising Inspector, et al.

(District Court, W. D. Washington, N. D. July 14, 1916.)

No. 94.

1. SHIPPING ⬤➞16—LICENSING OF STEAMBOAT OFFICERS—APPEAL FROM ACTION OF BOARD OF INSPECTORS.

The right of appeal to the supervising inspector from the decision of a board of local steamboat inspectors refusing to grant a license, or suspending or revoking a license, given to "any person deeming himself wronged by such refusal, suspension, or revocation," by Rev. St. § 4452 (Comp. St. 1913, § 8214), is given only to an interested party, and an appeal by a stranger to the proceeding is a nullity, and confers no jurisdiction on the supervising inspector.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 30–44.]

2. SHIPPING ⬤➞14—LICENSE OF OFFICERS OF STEAM VESSELS—REVOCATION OR SUSPENSION.

A license granted to an officer of a steam vessel can be revoked by the board of local inspectors only on the grounds stated in Rev. St. § 4450 (Comp. St. 1913, § 8212), and after notice and hearing as therein provided.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 28, 29.]

In Equity. Suit by George E. Joyce against John K. Bulger, as Supervising Inspector, First District, and Bion B. Whitney and Harry C. Lord, as Local Inspectors at Seattle, Wash., in the Steamboat Inspection Service, Department of Commerce, of the United States. Decree for complainant.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for plaintiff.
Clay Allen, U. S. Atty., of Seattle, Wash., for defendants.

NETERER, District Judge. The bill in equity alleges: That the plaintiff is a citizen of the United States and a resident of Seattle; that the defendant Bulger is the acting supervising inspector of the First district steamboat inspection service, Department of Commerce of the United States, located at San Francisco, and the defendants Lord and Whitney are local inspectors for Seattle in said steamboat inspection service. That February 19, 1916, in pursuance of law and rules

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
240 F.—52

and regulations plaintiff was granted by the local inspectors a license ' as "third mate of ocean steam vessels." That on the 7th of March, 1916, one P. Mullen filed with the board of local inspectors, in Seattle, a notice of appeal to the supervising inspector from such action of the local inspectors. That on the 22d of June, 1916, the supervising inspector notified the local inspectors of Seattle, Wash., to cancel such license, and the local inspectors had requested plaintiff to present his license for cancellation pursuant to such order. Plaintiff alleges that the local inspectors are threatening, and unless enjoined and restrained will cancel such license, and that he will be unable to secure any employment for which he is fit, and will suffer irreparable loss and damage before the matter can be heard on notice, and will be damaged in the sum of $3,500. A show-cause order was issued to the local board to appear before the court and show why it should not be restrained from revoking this license.

Section 4440 of the Revised Statutes (Comp. St. 1913, § 8202) provides that, when any person applies for authority to be employed as chief, second or third mate of ocean or coastwise steam vessels, the inspectors shall require satisfactory evidence of the knowledge, experience, and skill of the applicant, and, if satisfied of his qualifications and good character, they shall grant him a license authorizing him to perform such duties for the term of five years upon the waters upon which he is found qualified to act, *"but such license shall be suspended or revoked upon satisfactory proof of bad conduct, intemperate habits, unskillfulness, or want of knowledge of the duties of his station, or the willful violation of any of the provisions of this title."* (Italics ours.)

It is the duty of the local board of inspectors to investigate all acts of incompetency or misconduct committed by any licensed officer, and after reasonable notice in writing given to the delinquent of the time and place of such investigation witnesses may be examined under oath touching the performance of duties of such licensed officer, and if the board shall be satisfied that such officer is incompetent, or has been guilty of misbehavior, negligence, or unskillfulness, or has endangered life, they shall immediately suspend or revoke his license. Section 4450, Rev. Stat. (Comp. St. 1913, § 8212). Whenever the local inspectors refuse to grant a license, or suspend or revoke a license, any person deeming himself wronged by such refusal, suspension, or revocation may, within 30 days thereafter, on application to the supervising inspector of the district, have his case examined anew by such supervising inspector, and such supervising inspector may revoke, change, or modify the decision of such local board. Section 4452, Rev. Stat. (Comp. St. 1913, § 8214).

[1, 2] I think it is apparent that the right of appeal is given only to an interested party, that a stranger to the proceeding has no standing, and that Mullen's appeal is a nullity, and the action of the supervising inspector, therefore, without jurisdiction, and his act can have no legal effect, and the threatened act of the local inspectors to revoke such license without notice and hearing (section 4450, supra), is arbitrary, and not authorized by law. I think the board should be

enjoined from enforcing the order of the supervising inspector, and that, if the plaintiff is incompetent or guilty of misconduct, or amenable under the law, he should be proceeded against as provided by the laws and general rules and regulations, and given an opportunity to be heard before being deprived of a right which has been accorded him by the local board.