### ALWEN v. FISHER, Supervising Inspector, et al.

(District Court, W. D. Washington, N. D. January, 1922.)

#### No. 276–E.

Shipping ⬩14—Supervising inspector held without power to institute and try charges against master of a vessel in collision.

> Under Act June 10, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8214a–8214d), and the regulations promulgated thereunder, providing for appeals from decisions of boards of local inspectors of vessels to the supervising inspector of the district, and that any supervising inspector may, within 30 days thereafter, on his own motion, review any such decision, and may revoke, change, or modify the same, such proceeding before a supervising inspector is an appellate proceeding for re-examination of the decision of the local board, and a supervising inspector is given no authority to file charges before himself against the master of one of two vessels in collision, and to conduct an independent hearing thereon. ignoring a prior decision of the local board, not appealed from, determining responsibility for the collision.

In Equity. Suit by John Alwen against William Fisher, Supervising Inspector for the Eleventh District, Steamboat Inspection Service, and others. Decree for complainant.

Howard G. Cosgrove, of Seattle, Wash., for plaintiff.

Frederick Milverton, Special Asst. U. S. Atty., of San Francisco, Cal., for defendants.

NETERER, District Judge. Shortly after midnight, April 1, 1921, the steamship West Hartland and the steamship Governor collided, as a result of which the Governor immediately sank. The plaintiff was

---

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

acting master of the West Hartland. After the collision, the board of local inspectors investigating the collision found Harry H. Marden, in charge of the steamship Governor, culpable, and exonerated the plaintiff, master in charge of the steamship West Hartland, and filed written findings and decision on the 16th of April, 1921. The proceeding is entitled:

"In the Matter of the Investigation of the Collision between the steamship Governor and West Hartland April 1, 1921, off Point Wilson, Resulting in the Sinking and Loss of steamship Governor."

On the 16th of May following, the defendant supervising inspector sent the following letter to the master of the West Hartland:

"You are hereby charged with violation of the U. S. R. S. Statutes, §§ 4439 and 4450, with negligence, unskillfulness, and inattention to your duty as master of the steamship West Hartland on the night of March 31, 1921, and the morning of April 1, 1921, in this, that, being in doubt as to the course and intention of the steamship Governor, as that vessel and the West Hartland were approaching each other, your failure to signify your lack of understanding, which resulted in the collision of the West Hartland and Governor; and further, in this, that, having signaled the Governor to hold course and speed, failed to do so, but without informing the Governor thereof, you stopped and reversed engines, which resulted in the collision of the West Hartland and Governor; and further, in this, that, when the collision was imminent, you did not take proper measures to avoid collision between the West Hartland and Governor.

"At your earliest convenience you are directed to appear at this office to make answer to these charges. You may be represented by counsel, if you so desire."

Thereafter, on July 22d, the supervising inspector rendered the following findings, conclusions, and decision under the style:

"In the Matter of the Trial of Charges Preferred by the United States Supervising Inspector, Eleventh District, against Captain John Alwen, Master of the Steamship West Hartland, in Connection with the Collision between That Vessel and the Steamship Governor on the Morning of April 1, 1921.
＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊

"Decision. I therefore hold, and it is my decision, that Captain John Alwen is guilty of negligence, unskillfulness, and inattention to his duties as master of the steamship West Hartland ＊ ＊ ＊ in connection with the collision between that vessel and the steamship Governor, and his license as master and pilot, No. 73609, issue No. 5, 5, dated December 2, 1918, is hereby suspended for a period of two years, from this date. July 22, 1921. Captain Alwen is directed to deposit his license with the United States local inspectors at Seattle, where it will remain during the period of its suspension."

The plaintiff contends that the supervising inspector acted without jurisdiction and that his decision is void; that he has no speedy and adequate remedy at law. The defendant inspector claims that he had jurisdiction, and acted in accordance with law; that plaintiff appeared, presented testimony, and may not now complain. The plaintiff admits appearing, but contends that he protested the jurisdiction and objected to the proceedings. If the supervising inspector was without jurisdiction, and his action without warrant of law, the appearance of the plaintiff did not confer jurisdiction.

The supervising inspector may do that which the law authorizes him to do through the procedure which is provided. It is conceded that under the law prior to June 10, 1918 (40 Stat. 602 [Comp. St. 1918,

Comp. St. Ann. Supp. 1919, §§ 8214a–8214d]), there was no warrant of law which gave the supervising inspector the right to proceed as he did in this case. It is contended that under the act, supra, the supervising inspector may, within 30 days after any decision of the local board of inspectors, review such decision upon his own motion, and that after such review he may revoke, change, or modify such decision. The act supra is entitled:

"An act to provide for appeals from decisions of boards of local inspectors of vessels and for other purposes."

The particular object of the act in this case is to provide for appeals, and—

"That whenever any person * * * feels aggrieved * * * he may appeal * * * to the supervising inspector: * * * Provided, however, that application for such re-examination of the case by the supervising inspector * * * shall be made within 30 days after the decision * * * appealed from shall have been rendered."

The words "such re-examination" refer to the word "appeal" in the preceding portion of the section; hence "appeal" and "such re-examination" must be held as synonymous terms. The rules and regulations provided pursuant to law (section 4405, R. S. [Comp. St. § 8159]), and which rules have the force of law (Fredenberg v. Whitney et al. [D. C.] 240 Fed. 819, 824), under title II, "Appeal to Supervising Inspector," § 1, provide:

"The inspector, upon notice of appeal from the decision of the local board, provided said notice of appeal shall be made within 30 days of the decision of the local board, shall give notice in writing to said board to forward certified copy of their decision together with the charges and all evidence in writing on file in their office."

The prerequisites, therefore, necessary to effect an appeal, are plainly set forth in the rules and regulations, which have the force of law. Prior to the act, supra, there was no provision for appeal, except by an interested party (240 Fed. 819), and the following is provided in section 2:

" * * * Any supervising inspector may, within 30 days, thereafter, upon his own motion review any decision or action * * * within his district."

And section 3 provides that, if the supervising inspector, upon his own motion, decides to review, the same provisions apply. The same procedure applies in effecting appeal by the supervising inspector as to an appeal by an interested party, and the same notice must be given to the local board. In other words, the case must be removed from the board of local inspectors. Upon removal of the case the supervising inspector must then proceed under the same rules prescribed for the hearing before the local board (rule 2). The procedure provided is definite and explicit.

Appeal has a definite, clear, and well-understood meaning in all legal procedure, and its function is to revise and correct the proceedings already instituted, and does not create that cause. Wilson v. Mason, 1 Cranch, 45, 2 L. Ed. 29. An appeal is the removal of a cause from a court of inferior to one of superior jurisdiction for review. Greenwood

County v. Town of New Hartford, 65 Conn. 461, 32 Atl. 933. Appeal is a process of civil origin, and removal of the cause entire for review and retrial. Lyle v. Barnes, 40 Miss. 608. The legal significance of appeal means appellate process, which opens the former judgment and sends the case to a higher court for a trial de novo upon the same facts or new facts, regardless of the former trial. Richmond v. Henderson, 48 W. Va. 389, 37 S. E. 653. The record shows that there was no removal. The only act of the supervising inspector is filing the charges supra, on the 16th day of May, without reference to the proceeding before the local board in the "matter of the investigation of the collision, * * *" by the local board. Lord, one of the local inspectors, testified:

"Q. Was there ever any appeal taken by any one from that decision to the supervising inspector? A. No."

The supervising inspector testified that, when the findings and decision of the local board were submitted "in the usual way" on April 16, he began a very thorough study and analysis of the same, and that on the 14th of May he sent a telegram to the "bureau" as follows:

"My investigation satisfies me that charges should be filed against master West Hartland, who was exonerated in investigation of local board. Have I power to file charges direct and proceed to try case, or should I order local board to file charges?"

And in response to this telegram on the morning of the 16th of May he was advised by the "bureau" that "he did have authority to prefer the charges and conduct trial." He further testified:

"Although my review of the testimony convinced me that Captain Alwen was culpable in his management of the West Hartland, I desired to afford him an opportunity to testify in his own behalf, and, in order to proceed in a definite way, I decided to present the matter in the form of charges."

It appears to be conclusively established that no appeal was taken, and that no review in any legal sense was had. This is further confirmed by the fact that the "investigation" of the local board concerned others named in the decision, whereas the "direct charge" concerns only one of the parties named in the decision, the plaintiff; and from the decision of the supervising inspector. The act supra provides that the decision of the local board may be "revoked, changed, or modified," by the reviewing officer. The decision of the supervising inspector does not refer to the decision of the local board. The title of the proceeding is a separate and distinct title from the proceeding before the local board, and the testimony of the supervising inspector is to the effect that the proceeding was a "direct charge," rather than a review on appeal, although, in proceeding on review, after appeal, he was empowered by the act supra, as well as by the rules and regulations, to hear further testimony and to administer oaths to witnesses. The proceeding is somewhat akin to an appeal in admiralty trials, where the Circuit Court of Appeals, in reviewing the case, may receive further testimony in determining the pending issue. It is not contended at bar, nor suggested in the brief, and I know of no warrant of statute that empowers the supervising inspector to file charges before him-

self, and hear and determine the same upon an issue such as is here presented. The sole function is what the title indicates, supervising appellate tribunal, and to determine an issue on appeal the matter must be removed from the local inspection court to that of the supervising inspector's appellate court within 30 days, and provision is made by statute for the removal, and the procedure is provided by law, and after removal the matter may be considered upon the evidence before the local board, or further testimony may be taken. The fact that the supervising inspector, on June 24th, "notified" Captain Alwen, the plaintiff, that "in this hearing" he was proceeding as on countenance of the review "undertaken of the decision of the local inspectors" cannot confer jurisdiction, because no appeal for review had been taken, and the proceeding instituted was a "direct charge."

The decision of the supervising inspector is without warrant of law, and may not be enforced.